UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIXICOM, LLC,                                        DISPOSITIVE MOTION

     Movant,

vs.                                                  CASE NO.: 8:16 CV 703 T 35 JSS

FOUR CORNERS DIRECT, INC.,

     Respondent.
_____/

## MOVANT VIXICOM, LLC'S MOTION TO CONFIRM AN ARBITRATION AWARD AND SUPPORTING MEMORANDUM OF LAW

Pursuant to 9 U.S.C. §§6 and 9, Movant Vixicom, LLC ("Vixicom" or "Movant"), by counsel, hereby moves this Court to confirm an Arbitration Award entered against Respondent Four Corners Direct, Inc. ("Four Corners" or "Respondent") by an Arbitrator on March 14, 2016 (the "Arbitration Award") and to enter judgment thereon. In support of its request, Movant states as follows:

### JURISDICTION AND VENUE

1.     This Motion to Confirm Arbitration Award and to Enter Judgment Thereon is made pursuant to 9 U.S.C. §§ 6 & 9.

2.     Vixicom is a Delaware corporation with its principal place of business in Santo Domingo, Dominican Republic. Vixicom is in the business of providing call center services to its clients.

TPA-35695
$400

3.     Four Corners is a Florida corporation with its principal place of business in Sarasota, Florida. Four Corners is in the business of selling consumer products directly to individuals over and through its Internet website.

4.     This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, as complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

5.     Personal jurisdiction and venue are proper in this district pursuant to 9 U.S.C. § 9 because this is the district within which Four Corners has its principal place of business.

6.     This Court has the authority to enter judgment upon the confirmed award pursuant to 9 U.S.C. §§ 9 & 13.

## FACTUAL BACKGROUND

7.     Vixicom and Four Corners entered into a Teleservices Agreement dated April 3, 2012 ("Agreement") pursuant to which Vixicom provided call center and related services. A copy of the Agreement is attached hereto as **Exhibit A.**

8.     Four Corners and Vixicom entered into an Addendum to Teleservices Agreement dated April 3, 2012  ("Addendum") which supplemented the terms of the Agreement. A copy of the Addendum is attached hereto as **Exhibit B.**

9.     The payment terms are set forth in Paragraphs 3(e) and 3(f) of the Agreement, which provide that all invoices for services provided shall be paid by Four Corners within thirty (30) days of receipt thereof. Furthermore, the Agreement provides

2

that if Four Corners does not timely pay any invoice, interest will accrue at the rate of one and one half percent (1.5%) per month until paid.

10.     Between April 19, 2012 through July 31, 2014, Vixicom provided call center services to Four Corners pursuant to the terms and conditions of the Agreement and the Addendum.

11.     Four Corners breached the Agreement and Addendum by failing to pay Vixicom for principal amounts due thereunder.

12.     Vixicom made written demand to Four Corners requesting payment, and Four Corners failed to pay the amount owed.

## ARBITRATION PROCEEDINGS

13.     Paragraph 12 of the Agreement requires all controversies arising out of the Agreement to be settled by arbitration in accordance with the Commercial Rules of the American Arbitration Association.

14.     Paragraph 12 of the Agreement also provides that the substantially prevailing party shall be entitled to an award for all of its costs and attorney's fees incurred in arbitration. See Ex. A at ¶ 12.

15.     On January 12, 2015, Vixicom initiated an arbitration proceeding before Mary A. Lau, Esquire demanding that Four Corners comply with its contractual obligations, pay to Vixicom the amounts due under the Agreement and Addendum, as well as Vixicom's costs and attorneys' fees incurred therein. The Demand for Arbitration is attached hereto as **Exhibit C**.

16.     Four Corners retained counsel and participated fully in the arbitration proceedings up until less than 48 hours before the scheduled arbitration hearing, at which point Four Corners' counsel indicated that Four Corners will not further participate in the arbitration proceedings.

17.     On March 14, 2016, the Arbitrator entered the Arbitration Award in favor of Vixicom. The Arbitration Award is attached hereto as **Exhibit D**.

## RELIEF SOUGHT

18.     Vixicom seeks confirmation of the Arbitration Award, a judgment in the amount of the Arbitration Award, plus pre-judgment and post-judgment interest thereon, as provided for by the Arbitration Award. Specifically, the amounts of the Arbitration Award for which confirmation is sought total $243,076.32, which are comprised as follows:

   a.   The principal amount of $103,905.12;

   b.   Interest at the contract rate of 1.5% per month from December 1, 2013 until paid which equals $43,380.39, and continuing thereafter at a per diem rate of $51.95.

   c.   Attorneys' fees and costs in the amount of $95,790.81.

## MEMORANDUM OF LAW & ARGUMENT

"The FAA imposes a heavy presumption in favor of confirming arbitration awards". *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. Fla. 2011) (quoting *Cat Charter LLC v. Schurtenberger*, 691 F. Supp. 2d 1339, 1342 (S.D. Fla. 2010)) (internal quotation marks omitted). As a result, "the district court exercises only

limited review of the arbitral award and will ordinarily summarily confirm the arbitral award". *Fowler v. Ritz-Carlton Hotel Co., LLC*, 579 Fed. Appx. 693, 696 (11th Cir. 2014). This "'judicial review of arbitration decisions is among the narrowest known to the law.'" *Fowler v. Ritz-Carlton Hotel Co., LLC*, 579 F. App'x. 693, 696 (11th Cir. 2014) (quoting *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007)). The scope of review is so narrow that so "'long as the arbitrator *is even arguably construing or applying the contract and acting within the scope of his authority,* that a court is convinced he committed serious error does not suffice to overturn his decision.'" *Great Am. Ins. Co. v. Moye*, 733 F. Supp. 2d 1298, 1301 (M.D. Fla. 2010) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)) (emphasis added in *Great Am. Ins. Co.*).

As a result, "the Court *must* confirm an arbitration award if the parties agreed that a judgment shall be entered upon the award *and* request for confirmation is made within one year after the award *unless* the award is vacated, modified or corrected. *Byrider Franchising, Inc. v. Edwards*, Case No. 3:09-cv-618-J-34MCR, 2009 U.S. Dist. LEXIS 99196, at *3-4 (M.D. Fla. Sept. 3, 2009) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008); 9 U.S.C. § 9 (2009)).

By submitting to the commercial rules of the American Arbitration Association, Vixicom and Four Corners agreed that judgment should be entered upon the award. *See* American Arbitration Association Commercial Rule R-52(c) ("Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."). *See*

**Exhibit E.** Furthermore, this request for confirmation is being made within one year after the Arbitration Award, and the award has not been vacated, modified, or corrected. "Therefore, the Arbitration Award is entitled to confirmation under Section 9 of the Federal Arbitration Act and entry of judgment thereon." *Byrider Franchising, Inc.*, 2009 U.S. Dist. LEXIS 99196, at *5.

## CONCLUSION

For the foregoing reasons, Vixicom is entitled to confirmation of the Arbitration Award and entry of judgment in its favor thereon.

Respectfully submitted, March 21, 2016,

s/Daniel A. Krawiec
_____

Daniel A. Krawiec, Esq.
Florida Bar No. 59136
HINSHAW & CULBERTSON, LLP
One East Broward Boulevard, Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile:954-467-1024
Email: dkrawiec@hinshawlaw.com

Trial Counsel for Plaintiff VIXICOM, LLC

6