UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VIXICOM, LLC,**

    Plaintiff,

v.                                                                                                  Case No: 8:16-cv-703-T-35JSS

**FOUR CORNERS DIRECT, INC.,**

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion for Default Judgment (Dkt. 9) filed by Petitioner, Vixicom, LLC ("Vixicom"). Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Vixicom's Motion for Default Judgment.

**I.    Background**

On March 21, 2016, Vixicom initiated this action against Four Corners Direct, Inc. ("Four Corners") to confirm an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* (Dkt. 1) On April 7, 2016, Vixicom filed a Return of Service providing that on March 31, 2016, Four Corners was served with a copy of the Summons and Vixicom's Motion to Confirm an Arbitration Award. (Dkt. 6) To date, Four Corners has failed to respond to Vixicom's Motion to Confirm an Arbitration Award or otherwise appear in this action. On April 25, 2016, upon Vixicom's Motion for Entry of Clerk's Default (Dkt. 7), the Clerk entered a default against Four Corners. (Dkt. 8) Vixicom now seeks entry of a final judgment of default against Four Corners pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Rule 55"). (Dkt. 9)

**II.     Legal Standard**

Pursuant to Rule 55, to enter a default judgment, there must be a sufficient basis in the pleadings to support the relief sought.  "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."  Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages.  See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985).  Where, as here, a request for monetary relief is made, the Court may enter judgment without a hearing only if "the plaintiff's claim against [the] defendant is for a sum certain or for a sum which can by computation be made certain," if "the amount claimed is a liquidated sum or one capable of mathematical calculation," or if the movant submits sufficient evidence to support the request for damages.  See S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005); Adolph Coors Co., 777 F.2d at 1544; United Artists Corp. v. Freeman, 605 F.2d 854 (5th Cir. 1979).

**III.    Discussion**

According to the well-pleaded allegations of Vixicom's Motion to Confirm an Arbitration Award, the underlying arbitration proceeding resulted from Four Corner's breach of the Parties' Teleservices Agreement ("Agreement").  (Dkt. 1 at ¶ 7-12)  Under the Agreement, Vixicom provided call center and other related services to Four Corners,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

and Four Corners was required to pay Vixicom within thirty (30) days of receiving invoices for services provided thereunder.  (Id. at ¶ 7, 9)  Vixicom provided call center services to Four Corners under the Agreement from April 19, 2012 through July 31, 2014.  (Id. at ¶ 10)  Four Corners breached the Agreement by failing to pay Vixicom for the services provided.  (Id. at ¶ 11-12)

On January 12, 2015, pursuant to the arbitration clause included in the Agreement, Vixicom initiated an arbitration proceeding which demanded that Four Corners comply with its contractual obligations and pay Vixicom the amounts owed under the Agreement, as well as Vixicom's costs and attorneys' fees.  (Id. at ¶ 13-15)  On March 14, 2016, the Arbitrator, Mary A. Lau, Esq., entered a Final Decision and Arbitration Award in favor of Vixicom.  (Id. at ¶ 17)  Therein, Vixicom was awarded damages in the amount of $103,905.12, together with interest at the contract rate of 1.5% per month from December 1, 2013 (which equaled $43,380.39), and continuing thereafter at a per diem rate of $51.95.  (Dkt. 1-4 at P. 5)  Additionally, Vixicom was awarded costs and attorneys' fees in the amount of $95,790.81.  (Id.)

Vixicom now seeks confirmation of the subject arbitration award and an entry of final judgment against Four Courners in the amount of: $147,285.51 ($103,905.12 in principal and $43,380.39 in interest), with post-judgment contractual interest at the per diem rate of $51.95; and $95,790.81 for attorneys' fees and costs, with post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.  (Dkt. 1 at ¶ 18; Dkt. 9 at P. 3)

Under the FAA, "the Court *must* confirm an arbitration award if the parties agreed that a judgment shall be entered upon the award and request for confirmation is made within one year after the award unless the award is vacated, modified or corrected."

Byrider Franchising, Inc. v. Edwards, 2009 U.S. Dist. LEXIS 99196, at *3-4 (M.D. Fla. Sept. 3, 2009) (citing Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008); 9 U.S.C. § 9). Any attempt to vacate or modify an award must occur within three months after the award is filed or delivered. 9 U.S.C. § 12. The party challenging the arbitration award bears the burden of asserting sufficient grounds to vacate the award. Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1223 (11th Cir. 2000).

By submitting to the commercial rules of the American Arbitration Association (Dkt. 1-1 at ¶ 12), the Parties agreed that judgment should be entered upon the award. See American Arbitration Association Commercial Rule R-52(c) ("Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."). Vixicom made its request for confirmation of the arbitration award within one year after the award was entered. Furthermore, the arbitration award has not been vacated, modified or corrected, and it appears that the time to assert such a request has now passed.

Accordingly, the Court finds that the well-pleaded allegations of Vixicom's Motion to Confirm an Arbitration Award, which are deemed admitted by virtue of Four Corners' default in this action, establish that Vixicom is entitled to confirmation of the relevant arbitration award and an entry of final judgment. The Court may enter final judgment without conducting an evidentiary hearing because the damages requested are liquidated, as reflected in the Arbitrator's Final Decision and Arbitration Award. (Dkt. 1-4 at P. 5)

### IV. Conclusion

In accordance with the foregoing, it is hereby **ORDERED** as follows:

1. Vixicom's Motion for Entry of Default Judgment (Dkt. 8) is **GRANTED**.

2. The Arbitrator's Final Decision and Arbitration Award (Dkt. 1-4) is **CONFIRMED**.

3. The **CLERK** is directed to enter **FINAL JUDGMENT** in favor of Petitioner, Vixicom, LLC, and against Respondent, Four Corners Direct, LLC, in the following amounts:

    a. **$147,285.51**, with with post-judgment contractual interest accruing at the per diem rate of **$51.95**; and

    b. **$95,790.81**, with post-judgment interest accruing at the rate prescribed by 28 U.S.C. § 1961.

4. After entry of judgment, the **CLERK** is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of June, 2016.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

5