**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VIXICOM, LLC,**

    Movant,

vs.                                                                                  **CASE NO.:** 16-CV-00703-MSS/JSS

**FOUR CORNERS DIRECT, INC.,**

    Respondent.
_____/

## MOTION FOR ORDER TO SHOW CAUSE & TO HOLD FOUR CORNERS IN CIVIL CONTEMPT

Movant, Vixicom, LLC ("Vixicom"), moves the Court pursuant to Federal Rule of Civil Procedure 70(e) and its inherent powers to order Respondent, Four Corners Direct, Inc. ("Four Corners"), to show cause why they have failed to comply with the Court's Order requiring completion of a Fact Information Sheet [ECF No. 15], and to hold Four Corners in Civil Contempt, and in support states as follows:

### I.     INTRODUCTION

Vixicom filed a Motion to Confirm an Arbitration Award on March 21, 216. [ECF No. 1]. Although Four Corners was properly served, it did not respond and upon Vixicom's motion a clerk's default was entered on April 25, 2016. [ECF Nos. 7, 8]. Vixicom subsequently moved for and received a final default judgment, as well as an order directing Four Corners to complete, and provide certain documentation to accompany, a Florida Rule

of Civil Procedure 1.977 Fact Information Sheet (hereafter "Fact Information Sheet Order"). [ECF Nos. 3, 9, 10, 11, & 15].

According to the Fact Information Sheet Order, Four Corners had 45 days from July 6, 2016—until August 20, 2016—to complete the Fact Information Sheet and to provide the accompanying documentation. [ECF No. 15]. The Fact Information Sheet Order indicates that the Court furnished a copy of that order to Any Unrepresented Person, which means Four Corners should have received a copy of it. In addition, Vixicom's counsel mailed a copy of the Fact Information Sheet Order to Four Corners via United States Certified Mail. [ECF No. 16]; *see also* Exhibit A, signed Certified Mail Receipt for ECF No. 16 and documents listed therein.

The date for compliance with the Court's Fact Information Sheet Order is now expired, no request for an extension of time to respond has been received by Vixicom or its counsel from Four Corners, and sufficient additional time has passed to demonstrate that Four Corners has no intention of complying with the order. The Court should therefore order Four Corners to show cause why they should not be held in civil contempt for failure to comply with the Fact Information Sheet Order.

In addition, should Four Corners fail to demonstrate good cause for its failure to comply with the Fact Information Sheet Order, the Court should find Four Corners in Civil Contempt, or them to respond within 10 days, and award Vixicom its reasonable attorney's fees in bringing this motion.

## II.     MEMORANDUM OF LAW & ARGUMENT

"[I]n connection with a judgment, 'Federal Rule of Civil Procedure 70(e) . . . provides that when a party disobeys a lawful order, a district court may . . . hold the disobedient party in contempt.'" *TracFone Wireless, Inc. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1360 (S.D. Fla. 2015) (brackets added; ellipses in original) (quoting *Breen v. Tucker*, 821 F. Supp. 2d 375, 383 (D.D.C. 2011)).

Moreover, a district court "has the authority to enforce its own orders by the excersise of contempt powers" *TracFone Wireless, Inc.*, 103 F. Supp. 3d at 1360 (quoting *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (brackets added). "The party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *TracFone Wireless, Inc.*, 103 F. Supp. 3d at 1360 (citing *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1525 (11th Cir. 1992).

> The movant must demonstrate that "(1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.*
>
> Once "the movant satisfies this burden, the burden then shifts to the alleged 1361 contemnor to explain his noncompliance at a show cause hearing before the District Court." *Brother v. BFP Investments, Ltd.*, 2010 WL 2978077, at *2 (citing *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir.1998)). Then, "[t]o overcome a finding of contempt, the contemnor must prove that despite all reasonable efforts to comply with the court's order, compliance was impossible." *Brother v. BFP Investments, Ltd.*, 2010 WL 2978077, at *2 (citing *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir.1989)).

*TracFone Wireless, Inc.*, 103 F. Supp. 3d at 1360–61 (also concluding that by failing to respond to an order to show cause the non-moving parties waived any argument they lacked the ability to comply with the order requiring completion of a fact information sheet); *see*

*also Craine v. Cent. Fla. Neurology, P.A.*, No. 6:07-cv-1615-Orl-28GJK, 2008 WL 2988900, at *1, *3 (M.D. Fla. Sept, 17, 2009) (granting contempt motion by default after the non-moving party failed to respond).

A party who continuously violates or disobeys a valid court order may be subject to "fines, fees, and costs assessed against them." *TracFone Wireless, Inc.*, 103 F. Supp. 3d at 1360 (citing *Brother v. BFP Invests., Ltd.*, No. 03–60129–CIV, 2010 WL 2978080, at *5-7 (S.D. Fla. July 26, 2010)).

Here, there is no question that the Court's order requiring Four Corners to complete the Fact Information Sheet is valid. *See* Fed. R. Civ. P. 69(a)(2); Fla. R. Civ. P. 1.560(c); *see also TracFone Wireless, Inc.*, 103 F Supp. 3d at 1361. There is also question the Fact Information Sheet Order was clear, definite, and unambiguous. The Court in no uncertain terms ordered that "Four Corners shall complete the Florida Rule of Civil Procedure Form 1.977 Fact Information Sheet and provide the completed form and any attachmnts to Vixicom on or before **August 15, 2016**." [ECF No. 15 (emphasis in original). That there could be no confusion over what this order meant is confirmed by the fact that the Fact Information Sheet was attached to Vixicom's motion seeking same, and a copy of this motion was served on Four Corners twice. [ECF Nos. 3, 16]; Ex. A.

Finally, it is clear Four Corners has the ability to respond. It is an actively registered for-profit Florida corporation, maintains an active website which appears to still be selling goods, and maintains an active 1-800 sales number for selling goods. *See Villafana v. Feeding S. Florida, Inc.*, No. 13-60760-CIV, 2013 WL 2646729, at *1 (S.D. Fla. June 12, 2013) (taking judicial notice of Florida Division of Corporation's records); Affidavit of

Daniel A. Krawiec, attached as Exhibit B; Florida Division of Corporations Printout, attached as Exhibit C. In other words, it is still an ongoing concern doing business and therefore clearly could have already completed the Fact Information Sheet. And to the extent Four Corners fails to respond to any order to show cause the Court may decide to issue, then it will have waived any argument regarding its ability to comply. *See TracFone Wireless, Inc.*, 103 F. Supp. 3d at 1361.

Finally, in the event the Court concludes Four Corners failed to show cause for its continued violation of the Fact Information Sheet Order, Vixicom respectfully requests the Court order Four Corners to pay Vixicom's attorney's fees in bringing and litigating this motion.

### III.     PRE-FILING CONFERRAL

Four Corners has no counsel, however, the undersigned, and another attorney who also represents Vixicom, exchanged a series of emails between September 15th and 16th, 2016, with Four Corners' principal and registered agent Martin Lothman, regarding this motion. Mr. Lothman responded blaming his failure to complete the Fact Information Sheet on health problems and indicted he would get back to defense counsel the next week, either with or without a lawyer. To date, neither Four Corners nor an attorney for Four Corners has contacted defense counsel.

The Court should be aware that throughout this entire litigation, including the arbitration proceedings, Mr. Lothman has repeatedly used the excuse of his health or the need to consult with counsel to try to excuse his failure to comply with deadlines and other requirements. The undersigned is not privy to Mr. Lothman's medical history, however, it is

the impression of Vixicom that these excuses have been made merely for the purpose of unwarranted delay. Surely, if Four Corners has the time and resources to operate its business then it has the time and resources to comply with the Court's order by completing the simple task of filling out the Fact Information Sheet and providing the required records.

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2016, this document was filed via CM/ECF with the Clerk of Court, which will electronically serve a notice on all counsel and parties of record so authorized to receive. I also certify that this document was served via certified US Mail on Four Corners Direct, Inc., c/o Martin A. Lothman, Registered Agent, 7417 Sanderling Road, Sarasota, FL 34242.

Respectfully submitted on September 22, 2016,

By: s/Daniel A. Krawiec
Daniel A. Krawiec
Florida Bar No. 59136
dkrawiec@hinshawlaw.com
Hinshaw & Culbertson LLP
One East Broward Blvd., Suite 1010
Fort Lauderdale, FL 33301
Telephone: 954-467-7900
Fax: 954-467-1024

19200808v1 0964351