UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIXICOM, LLC,                                      CASE NO.: 8:16-CV-00703-MSS/JSS

    Plaintiff,

v.

FOUR CORNERS DIRECT, INC.,

    Defendant.
_____/

## SUPPLEMENT TO
## MOTION TO QUASH DEPOSITION NOTICES AND SUBPOENAS

Defendant Four Corners Direct, Inc. ("**Defendant**"), by and through undersigned counsel, hereby files the exhibits for its Motion to Quash Deposition Notices and Subpoenas.

    */s/ Suzy Tate*
    Suzy Tate
    Florida Bar No. 22071
    Christopher M. Broussard
    Florida Bar No. 95894
    **Suzy Tate, P.A.**
    14502 N. Dale Mabry Hwy., Suite 200
    Tampa, FL 33618
    Telephone: (813) 264-1685
    Facsimile: (813) 264-1690
    suzy@suzytate.com
    cbrouss@suzytate.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Supplement has been furnished by CM/ECF electronic service, electronic mail, and/or U.S. Mail, postage prepaid to Daniel A. Krawiec, Hinshaw & Culbertson, LLP, One East Broward Blvd, Ste. 1010, Ft. Lauderdale, FL 33301; and via CM/ECF service to the parties receiving such service in the ordinary course of business on this 6th day of October, 2016.

    */s/ Suzy Tate*
    Suzy Tate

1

Composite Exhibit A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VIXICOM, LLC,**

    Movant,

vs.                                          **CASE NO.:** 16-CV-00703-MSS/JSS

**FOUR CORNERS DIRECT, INC.,**

    Respondent.
_____/

**NOTICE OF TAKING DEPOSITION**
**IN AID OF EXECUTION – DUCES TECUM**

    PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure, the undersigned attorney will take the deposition of:

**NAME:**            **Corporate Representative of Four Corners Direct, Inc.**

**LOCATION:**     **Hinshaw & Culbertson LLP**
                       **100 South Ashley Drive**
                       **Suite 500**
                       **Tampa, FL 33602**
                       **813-276-1662**

**DATE AND TIME:**   **Friday, October 7, 2016 at 9:30 a.m.**

upon oral examination before **Veritext National Deposition & Litigation Services**, or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue until completed. The topics to be discussed are outlined on **ATTACHED SCHEDULE A**. The deposition is being taken for the purpose of discovery or is being taken for such other purposes as are permitted under the Rules of Court.

You should bring with you at said time and place the following: **SEE ATTACHED SCHEDULE B.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2016, this document was served via certified US mail on Four Corners Direct, Inc., c/o Martin A. Lothman, Registered Agent, 7417 Sanderling Road, Sarasota, FL 34242, and by email to same at martin@fourcorners.com, and to same via process server on this date or as soon after as can be effected.

By: s/Daniel A. Krawiec
Daniel A. Krawiec
Florida Bar No. 59136
dkrawiec@hinshawlaw.com
Hinshaw & Culbertson LLP
One East Broward Blvd., Suite 1010
Fort Lauderdale, FL 33301
Telephone: 954-467-7900
Fax: 954-467-1024

## Schedule A – Topics List

1. All aspects of the finances and operation of Four Corners Direct, Inc, including but not limited to:

    a. All bank accounts held directly or indirectly by Four Corners Direct, Inc.

    b. All real property in which Four Corners Direct, Inc. owns or otherwise has any interest.

    c. The revenues revenue, both gross and net, of Four Corners Direct, Inc. for the last 5 years.

    d. All payments made for any reason to any person or entity by Four Corners Direct, Inc. within the last 3 years.

    e. The completed Fact Information Sheet as ordered by the Court on March 24, 2016, with all required attached documentation.

    f. The compensation of all employees, owners, and contractors of Four Corners Direct, Inc.

    g. All money or property owed to Four Corners Direct, Inc. by any entity or individual.

    h. The ownership structure of Four Corners Direct, Inc., including but not limited to the identities of any individual or entity with an interest in Four Corner Direct, Inc.

    i. The role that Martin Lothman, or any individual related to Martin Lothman by blood or marriage, plays in the management or operation of Four Corners Direct, Inc.

    j. The identities of all third parties with whom Four Corners Direct, Inc. does business, excepting retail customers but including all companies or individuals providing services of any kind to Four Corners Direct, Inc.

    k. All property of any kind owned or controlled by Four Corners Direct, Inc.

    l. All contracts between Four Corners Direct, Inc. and any individual or entity.

    m. All documents requested in Schedule B to this notice of deposition.

    n. The location of any warehouse or other facility used by Four Corners to store goods.

## SCHEDULE B – DEPOSITION IN AID OF EXECUTION - DUCES TECUM

"You" and "Your" refers to Four Corners Direct, Inc.

(1)  All bank books or passbooks from each and every bank or other financial institution wherein there is a savings, checking or money market account, savings certificate or certificate of deposit in your name personally (whether you own any such account in part or in whole) or as trustee, or as partner or joint adventurer in any business enterprise, or in the name of any corporation in which you are a stockholder, officer or director.

(2)  All of your bank statements, ledger sheets and cancelled checks in your possession for the past five years.

(3)  All deeds to any real property owned by you personally, or as trustee, or as partner or joint adventurer in any business enterprise, or owned by any corporation in which you are a stockholder, officer or director.

(4)  All corporate securities (stocks, bonds and debentures) owned by you or purchased on your behalf through funds and assets owned or controlled by you.

(5)  Any notes, mortgages, balance sheets, financial statements, accounts receivable, ledgers and other documents evidencing money owed to you and the amount of such indebtedness.

(6) The complete financial records for the past five years of any business enterprise in which you have any interest, whether as partner, joint adventurer or trustee, or of any corporation in which you are a stockholder, officer or director.  This includes Four Corners Direct, Inc. itself.

(7) Copies of all federal income tax returns for the past five years filed in your name, jointly or otherwise, or for any business enterprise in which you have an interest, whether as partner, joint adventurer or trustee, or in the name of any corporation in which you are a stockholder, officer of director. This includes Four Corners Direct, Inc. itself.

(8) Any certificates or registrations of title showing ownership by you personally, or as trustee, or as partner or joint adventurer in any business enterprise, or by any corporation in which you are a stockholder, officer or director, of the following items of personal property:

    (a)    Automobiles or motor vehicles of any type;

    (b)    Boats or aircraft;

    (c)    Commercial, business or construction inventory or equipment.

This includes Four Corners Direct, Inc. itself.

(9) All records of any interest you have as beneficiary of any estate, trust, escrow agreement or insurance policy.

(10) All insurance or annuity policies in your name or in the name of any corporation in which you are a stockholder, officer or director.

(11) All leases or contracts wherein you or any corporation in which you are a stockholder, officer or director are parties.

(12) All records of any pension or profit sharing plan in which you have any interest or in which you are a participant, together, with the current balance sheet reflecting the amount of such interest therein.

(13)  Copies of all tax returns, federal and state, for the past three years filed by you solely or jointly.

(14)  All personal financial statements or lists of assets and liabilities prepared by you or on your behalf in connection with applications for credit or loans or any other financial disclosure for the past five years.

(15)  All stock brokerage records in your possession wherein you are authorized either to buy or sell corporate securities.

(16)  All records sufficiently identifying the number and location of any safe deposit boxes, vaults, safes or other places of deposit and safekeeping in which you are authorized to enter.

(17)  All records or statements of accounts for any credit card or other charge accounts to which you have had access during the past five years, including but not limited to the name of the account, account number, average monthly charge made against said account and present balance owed, if any.

(18)  All insurance policies on your life, health or property which are presently in force, whether owned by you personally or on your behalf.

(19)  A completed Fact Information Sheet as ordered by the Court on March 24, 2016, with all required attached documentation.

(20)  All employee and contractor compensation records.

(21)  All records relating to monies transferred from you to any of your owners.

(22)  All contracts between Four Corners Direct, Inc. and any individual or entity.

You shall produce originals of all the foregoing documents and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise. If the originals are not in defendant's possession, defendant shall produce copies thereof, including all non-identical copies.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VIXICOM, LLC,**

    Movant,

vs.                                       **CASE NO.:** 16-CV-00703-MSS/JSS

**FOUR CORNERS DIRECT, INC.,**

    Respondent.
_____/

## NOTICE OF TAKING DEPOSITION IN AID OF EXECUTION

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure, the undersigned attorney will take the deposition of:

**NAME:**         **Martin A. Lothman**

**LOCATION:**     **Hinshaw & Culbertson LLP**
                     **100 South Ashley Drive**
                     **Suite 500**
                     **Tampa, FL 33602**
                     **813-276-1662**

**DATE AND TIME:**   Friday, October 7, 2016 at Noon

upon oral examination before **Veritext National Deposition & Litigation Services**, or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue until completed.  The deposition is being taken for the purpose of discovery or is being taken for such other purposes as are permitted under the Rules of Court.

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2016, this document was served via certified US mail on Four Corners Direct, Inc., c/o Martin A. Lothman, Registered Agent, 7417 Sanderling Road, Sarasota, FL 34242, and by email to same at martin@fourcorners.com, and to same via process server on this date or as soon after as can be effected.

By: s/Daniel A. Krawiec
Daniel A. Krawiec
Florida Bar No. 59136
dkrawiec@hinshawlaw.com
sgarcia@hinshawlaw.com
Hinshaw & Culbertson LLP
One East Broward Blvd., Suite 1010
Fort Lauderdale, FL 33301
Telephone: 954-467-7900
Fax: 954-467-1024

19203393v1 0964351

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**VIXICOM, LLC,**

      Movant,

vs.                                              **CASE NO.:** 16-CV-00703-MSS/JSS

**FOUR CORNERS DIRECT, INC.,**

      Respondent.

_____/

## NOTICE OF TAKING DEPOSITION IN AID OF EXECUTION

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure, the undersigned attorney will take the deposition of:

**NAME:**        Lena Carlander Lothman

**LOCATION:**        Hinshaw & Culbertson LLP
                        100 South Ashley Drive
                        Suite 500
                        Tampa, FL 33602
                        813-276-1662

**DATE AND TIME:**  Friday, October 7, 2016 at 2:00 p.m.

upon oral examination before **Veritext National Deposition & Litigation Services**, or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue until completed. The deposition is being taken for the purpose of discovery or is being taken for such other purposes as are permitted under the Rules of Court.

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2016, this document was served via certified US mail on Four Corners Direct, Inc., c/o Martin A. Lothman, Registered Agent, 7417 Sanderling Road, Sarasota, FL 34242, and by email to same at martin@fourcorners.com, and to same via process server on this date or as soon after as can be effected.

By: s/Daniel A. Krawiec<br>
Daniel A. Krawiec<br>
Florida Bar No. 59136<br>
dkrawiec@hinshawlaw.com<br>
Hinshaw & Culbertson LLP<br>
One East Broward Blvd., Suite 1010<br>
Fort Lauderdale, FL 33301<br>
Telephone: 954-467-7900<br>
Fax: 954-467-1024

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| VIXICOM, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 16-CV-00703-MSS/JSS |
| FOUR CORNERS DIRECT, INC. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Martin A. Lothman

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Hinshaw & Culbertson LLP, 100 South Ashley Drive Suite 500, Tampa, FL 33602 813-276-1662 | Date and Time: 10/07/2016 12:00 pm |
|---|---|

The deposition will be recorded by this method: Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all documents in your possession or control relating to Four Corners Direct, Inc.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/23/2016

CLERK OF COURT                    OR    /s/ signature

_____                  _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Vixiciom, LLC
_____, who issues or requests this subpoena, are:
Daniel A. Krawiec, Hinshaw & Culbertson LLP, 1 E. Broward Blvd, Suite 1010, Ft. Lauderdale, FL 33301, dkrawiec@hinshawlaw.com, 954-375-1143

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 16-CV-00703-MSS/JSS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| VIXICOM, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 16-CV-00703-MSS/JSS |
| FOUR CORNERS DIRECT, INC. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Lena Carlander Lothman

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Hinshaw & Culbertson LLP, 100 South Ashley Drive Suite 500, Tampa, FL 33602  813-276-1662 | Date and Time: 10/07/2016 2:00 pm |
|---|---|

The deposition will be recorded by this method: Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all documents in your possession or control relating to Four Corners Direct, Inc.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/23/2016

*CLERK OF COURT*

OR  /s/ Dan [signature]

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Vixiciom, LLC , who issues or requests this subpoena, are:

Daniel A. Krawiec, Hinshaw & Culbertson LLP, 1 E. Broward Blvd, Suite 1010, Ft. Lauderdale, FL 33301, dkrawiec@hinshawlaw.com, 954-375-1143

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 16-CV-00703-MSS/JSS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).