UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VIXICOM, LLC,**

    Plaintiff,

v().                                                       **Case No: 8:16-cv-703-T-35JSS**

**FOUR CORNERS DIRECT, INC.,**

    Defendant.
_____/

## SHOW CAUSE ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion for Order to Show Cause and to Hold Four Corners in Civil Contempt (Dkt. 21) filed by Plaintiff, Vixicom, LLC ("Vixicom"). On July 1, 2016, the Court entered a final default judgment confirming an arbitration award in favor of Vixicom and against Defendant, Four Corners Direct, Inc. ("Four Corners"). (Dkt. 10, 11) In conjunction with the entry of final default judgment, the Court also directed Four Corners to complete the Florida Rule of Civil Procedure Form 1.977 Fact Information Sheet on or before August 15, 2016. (Dkt. 15)

On September 22, 2016, Vixicom filed the instant Motion informing the Court that Four Corners has failed to complete and return the Fact Information Sheet. (Dkt. 21) Therefore, Vixicom requests that the Court order Four Corners to show cause why it has failed to timely comply with the Court's previous directive. (Id.) Additionally, if Four Corners fails to show cause for its noncompliance, Vixicom requests an award of its costs and attorneys' fees incurred in filing the instant Motion. (Id.) A review of the record

reveals that Four Corners has failed to either timely respond to the Motion or to move for an extension of time to do so, despite the fact that Four Corners has now retained counsel in connection with this matter. (Dkt. 22)

"A party seeking civil contempt 'bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order.'" United States v. Grant, 2008 WL 2894826, *1 (S.D. Fla. May 27, 2008) (quoting Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992)). "After a showing of a violation has been made, the burden 'shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply.'" Id. (quoting Commodity Futures Trading Comm'n, 950 F.2d at 1529). In order to show an inability to comply, "the alleged contemnor 'must go beyond a mere assertion of inability,' and establish that he has made 'in good faith all reasonable efforts' to meet the terms of the court order he is seeking to avoid." Commodity Futures Trading Comm'n, 950 F.2d at 1529 (internal citations omitted).

Accordingly, Four Corners is hereby **ORDERED** to **SHOW CAUSE** why it should not be held in civil contempt for its failure to timely comply with the Court's previous directive. Four Corners shall file a response within **seven (7) days** of the date of this Order. Failure to do so will result in the Court considering the request for civil contempt to be unopposed and the facts within Plaintiff's Motion to be unrefuted. Failure to respond and show cause may also result in the imposition of sanctions in the form of Plaintiff's reasonable costs and attorneys' fees incurred in filing the Motion and daily fines until the

contempt is cured.  Said potential sanctions may be imposed with no further notice from the Court.

      **DONE** and **ORDERED** in Tampa, Florida, this 13th day of October, 2016.

                                                MARY S. SCRIVEN
                                                UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party