UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIXICOM, LLC,

      Movant,

vs.                                 **CASE NO.:** 16-CV-00703-MSS/JSS

FOUR CORNERS DIRECT, INC.,

      Respondent.
_____/

### RESPONSE TO MOTION TO QUASH DEPOSITION NOTICE & SUBPOENA

      Movant Vixicom LLC respectfully responds in opposition to Respondent Four Corners Direct, Inc.'s Motion to Quash Deposition Notices and Subpoenas, and moves for an award of its attorney's fees and costs associated with the witnesses' failure to appear and in litigating this motion. Vixicom also moves this Court for an order requiring the witnesses to comply with the deposition notice and subpoenas within 5 days. In support thereof, Vixicom states as follows:

### I.      INTRODUCTION & FACTUAL BACKGROUND

      A reading of Four Corners' motion to quash might suggest -- incorrectly -- that Vixicom and its counsel, in uncaring disregard of Four Corners' principal Martin Lothman's serious health issues, unilaterally set depositions and included onerous document requests

with little notice.[1]  Vixicom therefore respectfully provides the following summary to place the motion and Vixicom's refusal to cancel the deposition in context.   Vixicom also respectfully suggests that denial of Four Corners' motion and a remedy in Vixicom's favor is important to force Four Corners to participate in these proceedings in good faith moving forward.

As the Court is aware, this matter originally came before it upon Vixicom's Motion to Confirm an Arbitration Award.  [ECF No. 1].  Despite being validly served with the Motion to Confirm, Four Corners did not respond, the Court confirmed the arbitration award, and on July 1, 2016, a final default judgment was entered in Vixicom's favor.  [ECF No. 11].  The Court thereafter entered an order requiring Four Corners to complete the Florida Rule of Civil Procedure Form 1.977 Fact Information Sheet and to provide attachments to same no later than August 15, 2016.  [ECF No. 15].

Contrary to the Court's Order, Four Corners did not complete and provide the Fact Information Sheet.  On September 22, 2016, Vixicom moved this Court for an Order to show cause and to hold Four Corners in civil contempt.  Prior to filing its motion, on September 15, 2016, Vixicom's counsel emailed Four Corners' principal, Martin Lothman, to confer regarding the motion.  A copy of the email chain between Mr. Lothman, the undersigned, and another attorney representing Vixicom is attached as **Exhibit 1**.  During this email exchange,

---

[1]     This suggestion is especially spurious given that the documents requested were of the same nature as those which were already long overdue in violation of the Court's fact information sheet order.

19209881v1 0964351

Mr. Lothman indicated an attorney would contact Vixcom's counsel the following week, but this never occurred.[2]

After the motion was filed, the undersigned transmitted a copy of it to Four Corners' registered agent, Mr. Lothman, via email and first class mail.  A copy of the email to Mr. Lothman is attached as **Exhibit 2**.

The next day, September 23, 2016, Vixicom issued a deposition notice duces tecum for Four Corners' corporate representative, along with individual subpoenas to Mr. Lothman and his wife Lena Lothman, including witness fee checks.  [*See generally* ECF No. 25].  To ensure Four Corners and the individual witnesses had the most time possible to retain counsel or to request a date change, the undersigned immediately emailed all notices and subpoenas to Mr. Lothman.  A copy of this email is attached as **Exhibit 3**.  These documents were also subsequently served via process server on September 24, 2016.[3]  A copy of the returns of service are attached as **Exhibit 5**.

Neither Vixicom nor its counsel heard anything again from Four Corners until the undersigned was contacted via email by Suzy Tate, Esq., on October 5, 2016, two days before the date of the depositions.  Four Corners' counsel requested "at least a month" delay

---

[2]    In the motion to quash, Four Corners appears to suggest that at that time Mr. Lothman indicated he could not attend a deposition due to his health.  However, the email exchange did not address the depositions; they only addressed the outstanding Fact Information Sheet and Vixicom's seeking of an order of civil contempt.  *See* Ex. 1.

[3]    Same day service on September 23, 2016, was attempted but the process server reported as follows regarding that attempt: "ATTEMPTED AT GIVEN ADDRESS AND THERE WAS A VEHICLE IN DRIVE - TAG #ETXG49 FOUND REGISTERED TO MARTIN LOTHMAN. SERVER COULD HEAR NOISE INSIDE BUT THERE WAS NO ANSWER AT DOOR. WILL ATTEMPT OVER THE WEEKEND."  Attached as **Exhibit 4** are copies of email updates sent on that date from the process server.

19209881v1 0964351

of the depositions due to Mr. Lothman's alleged health problems.[4]   During a subsequent phone call, counsel stated she had a note from his physician confirming same health problems.[5]   However, this note did not actually explain in any way what was allegedly wrong with Mr. Lothman and, more important, was expired.   That is, the note indicated only that Mr. Lothman could not participate in litigation activities until September 9, 2016.

Mr. Lothman has in the past used his health as an excuse not to comply with various obligations.   For example, even prior to arbitration, Mr. Lothman blamed delays or failure to pay his bills on his or his family's illness.   Attached as **Exhibit 6** are emails demonstrating same.   Yet, at the same time, and it appears continuing until the present, [*See* ECF No. 21-2, ¶2 (demonstrating Four Corners appears to be an active business)], Mr. Lothman has been able to run his business.   Given this knowledge and the repetitive delays Four Corners caused during the arbitration proceedings, Vixicom's counsel requested current evidence that Mr. Lothman could not attend the deposition.   A copy of an email chain containing this request is attached as **Exhibit 7**.   This was not provided and so Vixicom opted to move forward with the depositions as scheduled.   *See* Ex. 7, email dated 10/5/16 at 3:18 p.m.

It is important to note that, during the telephone conversation between counsel regarding the request to delay the depositions, Four Corners' counsel indicated to the

---

[4]      During the telephone call conference between counsel, the need for "at least a month" was reduced to an offer to reschedule the depositions shortly after Four Corners' counsel returned from her vacation on August 18, 2016.  [*See also* ECF No. 24].  It is unclear why, if Mr. Lothman truly needed a month before he could give a deposition, that in the face of opposition to rescheduling he could suddenly attend a deposition less than two weeks later.

[5]      Vixicom is not attaching this note due to respect for Mr. Lothman's medical privacy, but if the contents as described are contested then Vixicom respectfully requests leave to file same, as at that point Mr. Lothman will have put this information at issue.

19209881v1 0964351

undersigned that prior to being engaged to challenge the deposition dates in this lawsuit, Four

Corners had previously engaged her to defend against other pending lawsuits.  A review of

Sarasota County's website reveals that Ms. Tate appeared on Four Corners behalf in another

case at least four months earlier.  Part of Vixicom's decision not to cancel the deposition was

that there was no explanation why Four Corners could have not have requested rescheduling

earlier.  It appears the only reason to wait so long was to employ Four Corners' consistent

strategy -- to create unnecessary delay, especially since its counsel was leaving the country

only days later making it impossible to reschedule the deposition shortly thereafter.

Further, during the same conversation, the undersigned alerted Four Corners' counsel

that a pending Motion for Order to Show Cause and to Hold Four Corners in Civil Contempt

was pending and required a response, but no request to agree to an extension to respond to

that motion was made (and to date no such request has been made nor response has been

filed despite the time for doing so having expired).  This lack of concern over such a serious

motion coupled with a lack of indication from Four Corners when it would provide the fact

information sheet despite now having counsel served to reinforce Vixicom's impression that

Four Corners simply sought to delay the proceedings, had no intention of participating in

them in good faith, and that only with the Court's intervention will Vixicom be able to

enforce its rights to discovery in aide of execution.

## II.     MEMORANDUM OF LAW & ARGUMENT

### a.     Four Corners Lacks Standing to Challenge the Subpoenas on the Lothmans' Behalves

There is no motion by the individual witnesses, Martin and Lena Lothman before this

Court.  The motion to quash indicates only that it is filed on behalf of Four Corners.  This

5

warrants denial of the motion to the extent it relates to Martin and Lena Lothman, as Four Corners lacks standing to object to the subpoenas on their behalves.  *Popoli v. Ft. Myers Lodge #1899 Loyal Order of Moose, Inc.*, No. 2:15-CV-311-FTM-29CM, 2015 WL 9031929, at *1 (M.D. Fla. Dec. 16, 2015) ("Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a 'personal right or privilege with respect to the materials subpoenaed.'") (quoting *Brown v. Braddick*, 595 F. 2d 961, 967 (5th Cir. 1979)).

Here, while Vixicom admittedly intends to seek information about Four Corners' assets from the witnesses, there already exists an order requiring Four Corners itself to provide this very information, so Four Corners clearly has no personal right or privilege which would prevent such testimony.  The Court should therefore deny the motion to quash to the extent it seeks to quash the subpoenas directed against the Lothmans individually.

**b.      *Four Corners Is Not Entitled to an order Under Rule 45 Quashing the Subpoenas***

Four Corners' motion violates Local Rule 3.01(a) because it lacks a memorandum of law and cites to no authority at all for the request.  Notwithstanding, given the title of the motion it appears it seeks relief under Federal Rule of Civil Procedure 45(d)(3), which provides in pertinent part:

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

19209881v1 0964351

(iv) subjects a person to undue burden.

Further, given the content of the motion, it appears Plaintiff relies upon subsection (i) and (iv) above, relating to time to comply and undue burden.

In its motion, Four Corners appears to argue that two weeks' notice was insufficient time to prepare for this deposition, especially in light of the document requests.  This argument fails for several reasons.

First, under Local Rule 3.02, only 14 days' notice is required of a deposition and, in fact, Four Corners received its deposition notice 14 days prior to the scheduled deposition dates.  *See* Ex. 3.

Second, Four Corners should have needed no additional time to prepare and to gather the relevant documents.  Almost exactly three months prior to the deposition date, this very Court had ordered Four Corners to compile comprehensive information and documentation regarding its assets.[6]  [*See* ECF No. 15].  The fact that Four Corners decided to disregard the Court's earlier order is not an excuse for lack of preparation.

Third, Four Corners' assertion that its "October 5th retention of undersigned counsel" warrants quashing of the subpoena appears to be at best an incomplete description.  [*See* ECF No. 23, ¶9].  Four Corners had its counsel available long before two days before the depositions.  Vixicom does not know precisely when Four Corners first retained Ms. Tate, but a search of the Sarasota County Clerk of Court website indicates that as early as June 10, 2016, Ms. Tate filed an answer and affirmative defenses on Four Corners' behalf in another

---

[6]     And assuming the Court determines Four Corners had standing to move to quash on the Lothmans' behalves, then this argument also fails because the Lothmans as individuals had no obligation to prepare, only to appear and to testify to their knowledge.

19209881v1 0964351

lawsuit.[7]   A copy of this answer and affirmative defenses is attached as **Exhibit 8**.  That Four Corners waited until two days before the date of the deposition to alert counsel that it had retained four months ago of the existence of the subpoenas is its own fault and should not prejudice Vixicom's right to obtain discovery in aide of execution.[8]

As to undue burden, it appears Four Corners' argument is that it received insufficient notice given the requirements of the depositions and that Mr. Lothman is the person with the most knowledge about Four Corners but he is too ill to appear for deposition.

The issue of the sufficiency of the notice is addressed above, in that Vixicom complied with the local rules.  Even if 14 days might in some instances be insufficient, Four Corners had been ordered to compile the necessary information and documents three months earlier and was already required to provide same by an August 15, 2016, deadline.  This, and the fact Four Corners decided not to inform counsel which it had already retained at least four months earlier about the subpoena until two days before compliance was due, should constitute a waiver of any such objection.

---

[7]      In fact, it appears likely that Four Corners had retained its present counsel on that other matter as long as 5 months ago, as plaintiff's counsel in that case filed a notice of unavailability on May 13, 2016, which indicates it was being served on Ms. Tate.  A copy of this notice of unavailability is attached as **Exhibit 9**.

[8] By comparison, with regard to motions for protective orders, the Middle District of Florida Discovery Handbook §VII(B), provides "The mere filing of a motion for a protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the requested or scheduled discovery. Upon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e., without waiting until the discovery is due or almost due. Upon receipt of a motion for a protective order, the Court may issue a temporary stay of discovery pending resolution of the motion. However, a party's diligence in seeking relief is a principal factor in the decision whether to grant a stay."

19209881v1 0964351

As to Mr. Lothman's health, it is not clear why this is an impediment to a Rule 30(b)(6) deposition.   While it is possible Mr. Lothman may be the person most knowledgeable about Four Corners, Rule 30(b)(6) "does not expressly or implicitly require the corporation or entity to produce the 'person most knowledgeable' for the corporate deposition."   *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012). Four Corners has offered no explanation why it could not have simply prepared another individual to give testimony on the topics listed in Schedule A of the subpoena.   Four Corners has also not explained why the three months since the Court entered its fact information sheet order—which essentially required Four Corners to compile the same information and documents at issue in the deposition notice—was not sufficient.

Vixicom notes that, to the extent Mr. Lothman is a necessary component of Four Corner's compliance with its deposition or fact information sheet obligations, it is willing to work in good faith with Four Corners to accommodate his limitations.   However, given the history of Four Corners' excuses and non-compliance, proof of these medical limitations should be required and Four Corners should be required to adhere to a disclosure plan which actually results in Vixicom obtaining discovery in aide of execution in the very near term. Four Corners should also bear the burden of the efforts necessary to obtain Court relief by paying Vixicom its fees and costs associated with the missed depositions and in litigating its motion to quash.

## IV.   <u>CONCLUSION</u>

For the reasons above, Vixicom respectfully requests the Court deny Four Corners' motion to quash, order all witnesses to appear for deposition as originally noticed or

19209881v1 0964351

subpoenaed within 5 days, and award Vixicom its fees and costs associated with the missed depositions and litigating the motion to quash.

### CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2016, this document was served via certified US Mail on Suzy Tate, Esq., Suzy Tate, PA, Suite 200, 14502 N Dale Mabry Hwy, Tampa, FL 33618, suzy@suzytate.com.

By: s/Daniel A. Krawiec
Daniel A. Krawiec
Florida Bar No. 59136
dkrawiec@hinshawlaw.com
Hinshaw & Culbertson LLP
One East Broward Blvd., Suite 1010
Fort Lauderdale, FL 33301
Telephone: 954-467-7900
Fax: 954-467-1024

19209881v1 0964351