UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIXICOM, LLC,

    Plaintiff,

v.                                                                                                 Case No: 8:16-cv-703-T-35JSS

FOUR CORNERS DIRECT, INC.,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO**
**QUASH DEPOSITION NOTICES AND SUBPOENAS**

THIS MATTER is before the Court on Defendant's Motion to Quash Deposition Notices and Subpoenas. (Dkt. 23.) Defendant moves to quash the notices of deposition and subpoenas served on Defendant, Four Corners Direct, Inc., its principal, Martin Lothman, and his wife, Lena Lothman on the basis that insufficient time exists within which to prepare for the depositions and produce documents, especially in light of Mr. Lothman's poor health and counsel's recent retention in this matter. In response, Plaintiff argues that the depositions were timely noticed and provided sufficient time to comply. (Dkt. 27.)

Under Federal Rule of Civil Procedure 45, the court for the district where compliance is required must quash or modify a subpoena that, among other things, fails to allow a reasonable time to comply or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). In the Middle District of Florida, a party desiring to take the deposition of any person upon oral examination must give at least fourteen days' written notice to the opposing party and any non-party deponent. M.D. Fla. Local R. 3.02. In this case, Defendant and the individual deponents were given fourteen days' notice, as required under Local Rule 3.02. Additionally, as argued by Plaintiff, such

- 2 -

depositions are necessary to obtain discovery in aid of execution on a judgment entered against Defendant.  *See* Fed. R. Civ. P. 69(a) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); Fla. R. Civ. P. 1.560(a) (allowing a judgment creditor to obtain discovery in aid of a judgment or execution).  Further, Defendant fails to show either undue burden or unreasonableness as it relates to the deposition notices and subpoenas.

Accordingly, it is **ORDERED** that Defendant's Motion to Quash Deposition Notices and Subpoenas (Dkt. 23) is **DENIED**.  Mr. Martin Lothman, Ms. Lena Lothman, and Defendant's corporative representative must appear for a deposition, as originally noticed or subpoenaed, within thirty-five (35) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on October 20, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record