UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VIXICOM, LLC,**

    **Plaintiff,**

vs.                                **CASE NO.: 16-CV-00703-MSS/JSS**

**FOUR CORNERS DIRECT, INC.,**

    **Defendant.**

_____/

## REPLY TO RESPONE TO SHOW CAUSE ORDER

    Plaintiff Vixicom LLC respectfully replies to Defendant Four Corners Direct, Inc.'s response to the Court's Show Cause Order [ECF No. 28], as follows:

    Four Corners has an obligation to go beyond a mere assertion of inability to comply with the fact information sheet order. ECF No. 26, p. 2. Four Corners is instead required to establish that it in good faith made all reasonable efforts to comply. *See also In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 254 (Bankr. S.D. Fla. 1993) ("It is the contemnor that has the burden of producing evidence that it is factually impossible for him to comply with the contempt order."). Four Corners did not even attempt such a showing and its unsworn written response fails for several reasons.

    First, "Statements by counsel in briefs are not evidence." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013) (internal quotation marks omitted).

    Second, there is no record evidence that Mr. Lothman has presently—or at any time ever had—a medical inability to comply with the Court's Order. Vixicom asked Four

Corners' counsel for such evidence and to date has received only a vague note from his doctor which did not contain a restriction against completing a Fact Information Sheet. Four Corners still has offered no explanation as to why the company cannot comply with the Order through another representative.

Third, two of the reasons given in the response are demonstrably untrue: Four Corners asserts that due to his health, "Mr. Lothman was only recently able to retain counsel for the company." [ECF No. 28, ¶7]. Vixicom previously attached pleadings from a state court matter to its Response to a Motion to Quash. These pleadings make clear that Ms. Tate, Four Corners' current counsel, appeared on its behalf in another proceeding as early as June 6, 2016, [ECF No. 27-8]. Furthermore, she was known as Four Corners' counsel in that same case as early as May 3, 2016 [EF No. 27-9]. While it is possible Four Corners did not notify Ms. Tate about the existence of this proceeding until recently, any assertion that Mr. Lothman was only recently able to retain counsel for the company is unsupportable.

Four Corners also asserts: "Unfortunately, Plaintiff is unwilling to work with Defendant" to reschedule [ECF No. 28, ¶8]. If true, then this would be irrelevant because the issue at hand is not the depositions. However, this is not true. While Vixicom initially refused to reschedule the depositions, Vixicom attempted to reschedule them one week before Four Corners responded to the Show Cause order. A copy of the email dated October 12, 2016, at 12:57 PM is attached as Exhibit 1. Vixicom received no answer to that email prior to the filing of the response and has not still received any new proposed date for the depositions, despite asking again twice and proposing its own dates.

"The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it." *Iron Workers St. Louis Dist. Council Annuity Trust v. Miller Building Grp., LLC*, No. 4:14-CV-1298-JAR, 2015 WL 1442801, at *1 (E.D. Mo. Mar. 27, 2015). "[I]f a corporate officer avoids a court's order to the corporation by failing to take action or attempt compliance, 'they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.'" *Elec. Workers Pension Trust Fund of Local Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 383 (6th Cir. 2003) (quoting *Wilson v. United States*, 221 U.S. 361, 376 (1911)). Consequently, in addition to fees and fines, Vixicom respectfully requests that, if Four Corners does not comply with the Fact Information Sheet Order after a final opportunity, the Court issue a writ of bodily attachment requiring the United States Marshal Service to arrest Mr. Lothman and to imprison him until such time as Four Corners complies. *See Tracfone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1362 (S.D. Fla. 2015) (ordering arrest of contemnor if fact information sheet not completed).

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2016, this document was filed and served via the Court's CM/ECF system on Suzy Tate, Esq., Suzy Tate, PA, Suite 200, 14502 N Dale Mabry Hwy, Tampa, FL 33618, suzy@suzytate.com.

By: s/Daniel A. Krawiec
Daniel A. Krawiec
Florida Bar No. 59136
dkrawiec@hinshawlaw.com
Hinshaw & Culbertson LLP
One East Broward Blvd., Suite 1010
Fort Lauderdale, FL 33301
Tel: 954-467-7900 , Fax: 954-467-1024